ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
KRISTEN ARABACI (SB# 341682)
kristenarabaci@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
FTI CONSULTING, INC. and FTI, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC POER,<br><br>        Plaintiff,<br><br>     vs.<br><br>FTI CONSULTING, INC. and FTI, LLC,<br><br>        Defendants. | Case No.  3:24-cv-4725-JSC<br><br>**DEFENDANTS FTI CONSULTING, INC. AND FTI, LLC'S REPLY TO OPPOSITION TO MOTION FOR LIMITED EXPEDITED DISCOVERY**<br><br>[Fed. R. Civ. P. 26(d)(1)]<br><br>Date.:     September 5, 2024<br>Time:     10:00 a.m.<br>Judge:    Jacqueline Scott Corley<br>Dept.:     Courtroom 8 – 19th Floor |

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3

I.      INTRODUCTION ............................................................................................5

4

II.     GOOD CAUSE EXISTS TO PERMIT EXPEDITED DISCOVERY ............6

5

     A.      *Application Group* Highlights The Need For Basic Discovery............6

6

     B.      Absent Discovery, FTI And The Court Will Be Forced To
           Speculate As To Plaintiff's Alleged Harm. ...........................................9

7

     C.      The Requested Discovery Does Not Prejudice Plaintiff.....................11

8

     D.      Plaintiff's Lack Of Urgency In Seeking Preliminary Injunctive
           Relief Necessitates Discovery..............................................................13

9

     E.      Deposing A Plaintiff Is An Essential Discovery Tool And Is
           Needed To Obtain Relevant Discovery From Plaintiff. ......................14

10

III.    CONCLUSION .............................................................................................15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO
OPPOSITION TO MOTION FOR
LIMITED EXPEDITED DISCOVERY

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Application Grp., Inc. v. Hunter Grp., Inc.*,
   61 Cal. App. 4th 881 (1998) ................................................................. 6, 7, 8, 9

*Cardonet, Inc. v. IBM Corp.*,
   No. C-06-06637 RMW, 2007 WL 518909 (N.D. Cal. Feb. 14, 2007) ............... 6

*Caribbean Marine Servs. Co. v. Baldrige*,
   844 F.2d 668 (9th Cir. 1988) ......................................................................... 9, 10

*Garcia v. Google, Inc.*,
   786 F.3d 733 (9th Cir. 2015) .............................................................................. 13

*GEC US 1 LLC v. Frontier Renewables, LLC*,
   No. 16-cv-1276 YGR, 2016 WL 3345456 (N.D. Cal. June 16, 2016) ............... 9

*In re Nexus 6P Prods. Liab. Litig.*,
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ................................................................ 6

*JBR, Inc. v. Keurig Green Mountain, Inc.*,
   No. 2:14-cv-00677-KJM-CKD, 2014 WL 1767701
   (E.D. Cal. May 2, 2014) ..................................................................................... 13

*Logistics Guys Inc. v. Cuevas*,
   No. 2:23-cv-01592-DAD-KJN, 2023 WL 5806807
   (E.D. Cal. Aug. 29, 2023) .................................................................................. 13

*Los Angeles Mem'l Coliseum v. Nat'l Football League*,
   634 F.2d 1197 (9th Cir. 1980) ........................................................................... 10

*Nken v. Holder*,
   556 U.S. 418 (2009) ........................................................................................... 10

*Oakland Tribune, Inc. v. Chronicle Publ'g Co.*,
   762 F.2d 1374 (9th Cir.1985) ............................................................................ 13

*Rose v. Abraham*,
   No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542
   (E.D. Cal. Aug. 13, 2008) .................................................................................. 14

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
   208 F.R.D. 273 (N.D. Cal. 2002) ...................................................................... 14

*Veeva Sys. Inc. v Quintiles IMS Inc.*,
   No. A155603, 2019 WL 5654387 (Cal. Ct. App. Oct. 31, 2019) ................... 8, 9

*Washington v. Lumber Liquidators, Inc.*,
    No. 15-CV-01475-JST, 2015 WL 2089992, at *3 (N.D. Cal. May 5, 2015)..... 14

NOTICE OF MOTION/MOTION FOR
LIMITED EXPEDITED DISCOVERY;
MPA'S IN SUPPORT THEREOF

1    I.    **INTRODUCTION**

2          Plaintiff Eric Poer, a remote-work employee in Nevada since 2019,

3    improperly seeks to use California courts to evade his contractual obligations to

4    Defendants FTI Consulting, Inc. and FTI, LLC.  FTI maintains that no actual

5    support for the Motion for Preliminary Injunction ("MPI") exists, and, once tested,

6    Plaintiff's self-serving declaration will prove lacking.  Accordingly, FTI moved for

7    limited expedited discovery (the "Motion") prior to opposing Plaintiff's high-stakes

8    MPI so that it could sufficiently defend against it.

9          Plaintiff's Opposition to FTI's Motion underscores the need for this basic

10   discovery.  Plaintiff continues to tout California's interest in protecting California

11   employees (despite conceding his Nevada residency) as a basis for denying FTI's

12   Motion.  In doing so, he avoids addressing serious questions regarding California's

13   interest in this action between two non-citizens.  He minimizes the irreparable harm

14   required for this Court to grant the requested relief.  And he seeks to obfuscate

15   evidence relating to his delay in filing the MPI—including his communications

16   and/or negotiations with his current employer Secretariat Advisors LLC and likely

17   plans to breach his employment agreement while still employed by FTI.

18         With respect to prejudice, Plaintiff is grasping at straws.  He argues that FTI

19   manifested his delay by removing the case to federal court (where Plaintiff could

20   have filed given the parties' citizenship and knowledge of FTI's intent to remove).

21   He ignores the parties numerous meet and confer calls and correspondence, and

22   FTI's agreement to the significantly truncated Motion and MPI briefing schedule

23   approved by this Court.  Dkt. 27.  In the same breath, Plaintiff argues that there is

24   insufficient time to conduct FTI's basic discovery while completely disregarding

25   that he proposed the 21-day timeline to complete discovery.

26         FTI is not looking to delay.  It is looking to level the playing field by having

27   access to the evidence Plaintiff purports to possess.  It is also looking to provide

28   this Court with sufficient information to assess whether a preliminary injunction is

1  appropriate in an action premised on events that occurred and continue to occur

2  outside of California.  The Court should grant FTI's Motion.

3  **II.**   **GOOD CAUSE EXISTS TO PERMIT EXPEDITED DISCOVERY**

4       Discovery will assist the Court in ruling on Plaintiff's MPI given the parties'

5  disputes regarding the locus of Plaintiff's work, California's interest in the

6  litigation, and any harm Plaintiff is allegedly suffering or may suffer in the future.

7       **A.**   ***Application Group* Highlights The Need For Basic Discovery.**

8       *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998),

9  authority on which Plaintiff heavily relies, underscores the need for basic discovery

10  in an action involving a non-resident and the validity of restrictive covenants.

11       ***First***, Plaintiff's employment agreement contains a choice-of-law provision

12  providing that Maryland law will govern all disputes between the parties.  *See*

13  Declaration of Curtis Lu ("Lu Decl.") (Dkt. 29-2), Ex. B.  Accordingly, whether

14  Maryland law applies is a threshold question to be decided by this Court when

15  ruling on Plaintiff's MPI.  Addressing this question requires, among other things,

16  an analysis of whether (1) Plaintiff's FTI employment was "employment in

17  California," (2) Secretariat is a "California-based employer," and (3) Plaintiff was

18  hired by Secretariat, from California, for employment in California.  *Application*

19  *Grp.*, 61 Cal. App. 4th at 900-02; *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp.

20  3d 888, 934 (N.D. Cal. 2018) (a choice-of-law provision in a contract will generally

21  be enforced unless the transaction falls into either of two exceptions:  "(1) the

22  chosen state has no substantial relationship to the parties or the transaction, or

23  (2) application of the chosen state's law would be contrary to a fundamental policy

24  of another interested state").  Further, "if there is a fundamental conflict [between

25  Maryland and California], the court must then determine whether California has a

26  materially greater interest than the chosen state in the determination of the

27  particular issue."  *Cardonet, Inc. v. IBM Corp.*, No. C-06-06637 RMW, 2007 WL

28  518909, at *4 (N.D. Cal. Feb. 14, 2007) (citation omitted).  This inquiry mandates

basic discovery; particularly where Plaintiff is largely in sole possession of the relevant information.

This is consistent with *Application Group*, where the employment contract at issue included a choice-of-law provision electing Maryland law. *Application Group*[1] held that California law may be applied to determine the enforceability of the restrictive covenant between the non-California-resident and the non-California-based employer when the California-based employer "seeks to recruit or hire the nonresident for employment in California." *Application Grp.*, 61 Cal. App. 4th at 885. The Court found that California had a materially greater interest because the case involved a *California-based employer* seeking to protect itself from unfair competition, repeatedly stressing that California had an interest because Application Group was a California-based employer. *Id.* at 904-05. Therefore, California had a public policy interest in ensuring that California employers could compete effectively for the most talented, skilled employees in their industries "*for employment in California*." *Id.* at 901-02 (emphasis added).

**Second**, *Application Group*'s procedural posture demonstrates the need for at least basic discovery before adjudicating the issue of whether restrictive covenants are void. In *Application Group* the parties engaged in extensive discovery, including full merits discovery and live trial testimony, developing a deep factual record. *Id.* at 888-89. The parties then filed cross-motions for summary judgment, which ultimately culminated in the Court of Appeal's decision. *Id*. The Court of Appeal engaged in a detailed analysis of the factual record and repeatedly stressed the importance of the specific facts of the case to the Court's holding. *Id.* at 904-5.

**Third**, *Application Group* stands for the proposition that whether an out-of-state resident's case can be determined under California law requires a careful

---

[1] Plaintiff mistakenly claims that under *Application Group*, he need only show that this case, including his work for Secretariat, has a stronger connection to California than Maryland. Opp. (Dkt. 30), at 11. This is incorrect.

1   "case-by-case" factual determination of residence, work assignments, and each

2   state's interests.  *Id.* at 889.  It is not an exercise in hypothetical speculation.  And it

3   cannot be properly determined without an appropriate factual record.

4          *Application Group* explained, when deciding whether an employee is

5   engaged in "employment in California," a court must view "the larger picture,"

6   including "the location of the employer," "the location of the employer's vendors

7   and customers," and whether the employee "performs services for California-based

8   customers."  *Id.* at 905.  Of importance to the Court was that (1) Application Group

9   "conduct[ed] both its in-state and out-of-state business from its San Francisco

10  headquarters;" (2) Application Group treated all employees "as California

11  employees;" (3) all Application Group employees were "residents of, work[ed] in,

12  or [we]re managed from California;" and (4) "with one exception," all employees

13  "ha[d] employment agreements governed by California law," regardless of "the

14  employee's state of residence."  *Id.* at 886.

15         Similarly, the court in *Veeva Systems Inc. v Quintiles IMS Inc.*,

16  No. A155603, 2019 WL 5654387 (Cal. Ct. App. Oct. 31, 2019) analyzed the

17  following facts before determining whether restrictive covenants are void where

18  employees are non-citizens:  (1) location of parties' incorporation and headquarters,

19  (2) that Plaintiff conducted "principal corporate activities in California," and had

20  "executive offices and real estate ownership" in California, (3) the Plaintiff's

21  remote "employees regularly interact[ed] with California-based employees,

22  vendors, and customers," and (4) that all of Plaintiff's employees, "whether they

23  work in California or remotely, sign[ed] a standard employment agreement that is

24  governed by California law."  *Id.* at *1.

25         Plaintiff—and not FTI—possesses this evidence.  He cannot hang his hat on

26  *Application Group* while simultaneously denying FTI the basic discovery needed to

27  evaluate and oppose the MPI.  FTI cannot properly defend against Plaintiff's MPI,

28  and the Court will be faced with an incomplete record, absent discovery into

1   Plaintiff's alleged work in California, his recruitment and hiring to Secretariat, his

2   Secretariat employment agreement, his duties and responsibilities concerning his

3   Secretariat employment, his clients, the actual location of his work performed, and

4   his level of engagement with California-based employees.

5          FTI's proposed RFPs Nos. 1, 5, 6, 7, 8, and 9 are aimed at this relevant

6   information.  *See* Jalian Decl. (Dkt. 29-1), Ex. A.  For example, RFP No. 5 seeks

7   information relating to Plaintiff's California clients and contacts, which will

8   establish whether Plaintiff "performs services for California-based customers" by

9   identifying "the location of . . . customers." *Application Grp.*, 61 Cal. App. 4th at

10  905.  RFP No. 6 seeks information relating to Plaintiff's residency and travel

11  records, which will help establish whether Plaintiff's work has a connection to

12  California.  RFP Nos. 7 and 8 seeks information relating to Plaintiff's recruitment

13  to and hiring by Secretariat, which will establish whether Plaintiff was hired by

14  Secretariat from California for "employment in California," including whether his

15  agreement is governed by California law and where he is expected to perform work.

16  *See Application Grp.*, 61 Cal. App. 4th at 886; *Veeva Sys.*, 2019 WL 5654387, at

17  *1.  RFP No. 9 seeks information relating to the actual work location of Plaintiff's

18  direct reports, managers, or supervisors, information relevant to establishing

19  whether Plaintiff performs work "in California." *Id.*

20         **B.     Absent Discovery, FTI And The Court Will Be Forced To**
           **Speculate As To Plaintiff's Alleged Harm.**
21

22         Plaintiff asserts—based on no legal support—that his burden for

23  demonstrating the likelihood of irreparable harm is a low bar.  Opp. (Dkt. 30),

24  at 18.  He is mistaken.  "A plaintiff must do more than merely allege imminent

25  harm." *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.

26  1988); *see also GEC US 1 LLC v. Frontier Renewables, LLC*, No. 16-cv-1276

27  YGR, 2016 WL 3345456, at *4 (N.D. Cal. June 16, 2016) ("a mere possibility of

28  harm is not sufficient to warrant the extreme remedy of a preliminary injunction.").

1  Rather, litigants seeking a preliminary injunction carry the "heavy burden" of

2  establishing a "strong possibility of irreparable harm," which is among the most

3  important factors for the court to consider in weighing a motion for preliminary

4  injunction.  *Nken v. Holder*, 556 U.S. 418, 434, 436 (2009) ("likelihood of success

5  on the merits" and "irreparable harm" are generally considered the most significant

6  factors in evaluating a motion for injunctive relief); *Ctr. for Competitive Politics v.*

7  *Harris*, 784 F.3d 1307, 1319 (9th Cir. 2015) ("In order to prevail on a motion for a

8  preliminary injunction, a plaintiff must show a likelihood of success on the merits

9  and that irreparable harm is not only possible, but likely, in the absence of

10  injunctive relief."); *Caribbean Marine*, 844 F.2d at 674  ("a plaintiff must

11  *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive

12  relief.").  Further, Plaintiff is required to demonstrate the "inadequacy of legal

13  remedies" in addressing the harm.  *Los Angeles Mem'l Coliseum*, 634 F.2d at 1202.

14       As to Plaintiff's alleged irreparable harm, he offers only that he has been

15  "unable to fully resume work or reach out to several former clients."  *See*

16  Declaration of Eric Poer ("Poer Decl.") (Dkt. 18-1), ¶ 29.  Plaintiff further claims

17  he cannot continue his work for Secretariat "unrestricted" without seeking

18  dispensations from FTI.  *Id.*  Based on the scant facts alleged, FTI, and the Court,

19  are forced to speculate as to Plaintiff's alleged present and amorphous future harm.

20       FTI's proposed RFPs Nos. 1, 2, 3, and 4 are directly aimed at information

21  relevant to Plaintiff's claimed irreparable harm.  *See* Jalian Decl. (Dkt. 29-1),

22  Ex. A.  For example, RFP No. 1 seeks information relied upon by Plaintiff in

23  preparing his declaration in support of his MPI, including information relating to

24  his alleged harm.  *Id*.  RFP No. 2 seeks information related to Plaintiff's ability or

25  inability to perform work for Secretariat, while RFP No. 3 seeks information

26  relating to Plaintiff's contact or attempted contact with former clients, former

27  colleagues and other former business associates with who he is attempting to

28  develop business.  *Id*.  This information directly relates to Plaintiff's allegation that

1    he has been "unable to fully resume work or reach out to several former clients."

2    Poer Decl. (Dkt. 18-1), ¶ 29.  RFP No. 4 seeks information relating to Plaintiff's

3    work for Secretariat that he alleges will be harmed if his MPI is not granted.  Jalian

4    Decl. (Dkt. 29-1), Ex. A.  This information is directly relevant to Plaintiff's claim

5    that he will suffer a "grave injury" absent an injunction.  MPI (Dkt. 18), at 17.

6    Accordingly, FTI's proposed RFPs are directly aimed at information needed to

7    establish whether Plaintiff has actually suffered any harm.  If FTI is not permitted

8    to conduct limited discovery, FTI will be unable to access needed evidence through

9    alternative sources, considerably prejudicing FTI's ability to effectively oppose the

10   MPI.  Accordingly, good cause exists for granting FTI's Motion for Limited

11   Expedited Discovery.

12              **C.**     **The Requested Discovery Does Not Prejudice Plaintiff.**

13          Plaintiff spends most of his Opposition overstating the scope of FTI's

14   narrowly tailored proposed discovery requests.  When Plaintiff's dramatization of

15   events is pared away, Plaintiff fails to offer any valid reasons why he lacks easy

16   access to the discovery sought or why his sophisticated counsel is unable to respond

17   to FTI's requests in a timely manner.  At bottom, FTI's basic discovery requests do

18   not prejudice Plaintiff.

19          FTI's proposed requests are limited in scope, and specifically target

20   arguments made by Plaintiff in his MPI.  They do not rise to the level of "full

21   blown merits-discovery" given the complicated factual and legal issues presented in

22   this case.  Opp. (Dkt. 30), at 10 (citation omitted).  Should Plaintiff have concerns

23   about the scope of FTI's requests or Plaintiff's ability to meet the stipulated

24   production timeline, FTI is amendable to arranging a meet and confer with

25   Plaintiff's counsel at the appropriate juncture to discuss scope and scheduling.  In

26   fact, FTI's proposed order specifically acknowledges that should Plaintiff be

27   unavailable for deposition or unable to meet the production deadline, the parties

28   will meet and confer regarding an amended schedule.  Dkt. 29-3.  Further, Plaintiff

1   proposed the 21-day timeline for completion of discovery agreed to by the parties in

2   their Joint Stipulation (Dkt. 27); he cannot now legitimately claim an inability to

3   comply.  FTI has communicated its willingness to work out a reasonable discovery

4   schedule.[2]  To that end, FTI even provided a draft list of its requests to Plaintiff in

5   the hopes of working out an agreement and avoiding this Motion.  *See*

6   Supplemental Declaration of Chris Jalian ("Supp. Jalian Decl."), ¶ 3, Ex. B.  In

7   addition, FTI repeatedly stated that it will not contend that any continuance

8   resulting from the parties' meet and confer efforts reflects a lack of exigency.  *Id.* ¶

9   4.

10          On the other hand, FTI faces considerable prejudice if it is not permitted to

11  conduct limited discovery.  It will be unable to access needed evidence through

12  alternative sources and cannot effectively oppose the MPI.  This is particularly true

13  given the significant impacts of the relief sought—*i.e.*, Plaintiff's desire to solicit

14  FTI's current clients to grow his practice in Nevada.  A preliminary injunction

15  would negate Plaintiff's restrictive covenants for which FTI bargained and could

16  effectively wipe out the value of more than $5,000,000 that FTI generates from its

17  clients who used to work for Plaintiff.  Moreover, a preliminary injunction would

18  harm FTI's ability to protect its long-term investments through the enforcement of

19  valid contractual agreements.  Further than the immediate stakes faced by FTI, the

20  impact of this case potentially may be felt well beyond the present action.  Plaintiff

21  seeks to render California courts the arbiter of all disputes concerning non-compete

22  provisions in employment agreements—even when those contracts are challenged

23

24  [2] In fact, the "more than two week[]" delay referenced by Plaintiff (Opp. (Dkt. 30),
    at 21) concerning FTI's filing of is Motion for Expedited Discovery was a result of
25  protracted meet and confer efforts led by FTI in an attempt to reach a reasonable
    agreement with Plaintiff regarding FTI's need for discovery.  The schedule was
26  agreed to in consideration of the parties' briefing schedule in the related *Edward
    Westerman v. FTI Consulting, Inc.*, No. 3:24-cv-04118 (N.D. Cal., filed June 4,
27  2024) matter and FTI counsels' prescheduled vacations, which Plaintiff has been
    aware of since July. *See* Supp. Jalian Decl. ¶ 2, Ex. A.
28

in declaratory judgment actions by employees who were not California residents or employees. The balance of hardship weighs in FTI's favor. Accordingly, good cause exists for granting FTI's Motion for Limited Expedited Discovery.

**D.     Plaintiff's Lack Of Urgency In Seeking Preliminary Injunctive Relief Necessitates Discovery.**

Courts in the Ninth Circuit routinely deny preliminary injunctive relief on a finding of unreasonable delay in seeking preliminary injunction, undermining claim of urgency and irreparable harm. *See, e.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (plaintiff's months-delay in seeking preliminary injunction undermined irreparable harm); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir.1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); *Logistics Guys Inc. v. Cuevas*, No. 2:23-cv-01592-DAD-KJN, 2023 WL 5806807, at *3 (E.D. Cal. Aug. 29, 2023) ("delay in seeking injunctive relief undercuts plaintiff's allegations of irreparable injury.") (citation omitted).

As discussed in FTI's Motion, questions abound regarding Plaintiff's delay in seeking a preliminary injunction. These questions are not addressed by Plaintiff's suggestion that FTI is somehow responsible for Plaintiff's delay. Opp. (Dkt. 30), at 21; *see JBR, Inc. v. Keurig Green Mountain, Inc.*, No. 2:14-cv-00677-KJM-CKD, 2014 WL 1767701, at *2 (E.D. Cal. May 2, 2014) ("if plaintiff's needs are as urgent as it describes . . . , plaintiff could have moved for a temporary restraining order initially or could have filed the motion for preliminary injunction concurrent with its complaint and not have waited for more than a month after the complaint was filed."). Nor do Plaintiff's assertions speak to how long Plaintiff and Secretariat planned their breach of FTI's employment agreement, their discussions regarding FTI's restrictive covenants, or when those discussions took place. These facts are necessary to evaluate whether Plaintiff acted without unreasonable delay in bringing the MPI. RFPs Nos. 1, 7, and 10 are aimed at this

relevant information.  Jalian Decl. (Dkt. 29-1), Ex. A.  Particularly, RFP No. 7 seeks to establish a timeline of Plaintiff's recruitment and hiring by Secretariat in order to establish how long Plaintiff planned his breach of his employment agreement.  *Id*.  RFP No. 10 similarly seeks to establish a timeline of Plaintiff's planned contractual breach and his knowledge of the likelihood of litigation.  *Id*.

### E.  <u>Deposing Plaintiff Is An Essential Discovery Tool And Is Needed To Obtain Relevant Discovery From Plaintiff.</u>

The deposition of a plaintiff in a civil action is a normal and critical means of seeking relevant discovery.  Ninth Circuit law governing the grant of expedited discovery does not distinguish between the various discovery tools.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Moreover, Ninth Circuit courts have explicitly provided that depositions are permitted upon a grant of expedited discovery relating to a motion for preliminary injunction.  *See e.g.*, *Washington v. Lumber Liquidators, Inc.*, No. 15-CV-01475-JST, 2015 WL 2089992, at *3 (N.D. Cal. May 5, 2015) (granting expedited discovery relating to motion for preliminary injunction, including requested depositions); *Rose v. Abraham*, No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542, at *5 (E.D. Cal. Aug. 13, 2008) (granting request to conduct expedited discovery, including depositions).

Any alleged burden resulting from FTI's requested deposition of Plaintiff does not outweigh the benefits of the discovery.  Plaintiff alone holds knowledge relating to his client relationships, location of work, recruitment and hiring by Secretariat, his contacts with FTI and Secretariat's California-based employees and clients, and the scope of Plaintiff's work for Secretariat.  And this information, including Plaintiff's negotiations with Secretariat and attempts to build his practice, was likely never reduced to writing.  The scope of FTI's requested discovery is clearly designed to address Plaintiff's arguments in his MPI.  The documents requested by FTI to be produced in conjunction with Plaintiff's deposition are

1  readily identifiable, easily produced, and directly pertinent to the claims and

2  remedies in question.  Plaintiff need only produce these documents and appear for

3  the deposition in the same district where Plaintiff now brings this action and further

4  alleges his employment with Secretariat is tied.  This is far from unreasonable.  On

5  the other hand, Plaintiff's deposition will result in valuable information for FTI to

6  defend against Plaintiff's MPI and importantly, information needed to assist this

7  Court in ruling on the MPI.

8  **III.    CONCLUSION**

9          For all the foregoing reasons, FTI respectfully requests the Court grant leave

10  for Defendants to conduct limited expedited discovery relating to Plaintiff's Motion

11  for Preliminary Injunction.

12  DATED:  September 3, 2024                    PAUL HASTINGS LLP
                                                 ELENA R. BACA
13                                               CHRIS A. JALIAN
                                                 KRISTEN ARABACI
14

15

16                                               By:_____*/s/ Elena R. Baca*_____
                                                         ELENA R. BACA
17
                                                 Attorneys for Defendants
18                                               FTI CONSULTING, INC. and FTI, LLC

19

20

21

22

23

24

25

26

27

28