COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ASHLEY KEMPER CORKERY (301380)
(acorkery@cooley.com)
REECE TREVOR (316685)
(rtrevor@cooley.com)
MORGAN E. LEWIS (322205)
(melewis@cooley.com)
EVA SPITZEN (354081)
(espitzen@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Plaintiff
ERIC POER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC POER,<br><br>Plaintiff,<br><br>v.<br><br>FTI CONSULTING, INC. and FTI, LLC,<br><br>Defendants. | Case No. 3:24-cv-04725-JSC<br><br>**PLAINTIFF ERIC POER'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: November 7, 2024<br>Time: 10:00 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT
CASE NO. 3:24-CV-04725-JSC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1
II. STATEMENT OF FACTS ............................................................................................... 2
    A. FTI HAS MAINTAINED AND GROWN SUBSTANTIAL CALIFORNIA BUSINESS FOR OVER A DECADE. .................................................................... 2
    B. FTI HIRED MR. POER TO WORK FOR ITS CALIFORNIA BUSINESS. ......... 2
    C. FTI'S EMPLOYMENT AGREEMENT IDENTIFIES MR. POER AS A CALIFORNIA EMPLOYEE. ................................................................................. 4
    D. MR. POER'S POST-FTI EMPLOYMENT IS CALIFORNIA-BASED. ............... 4
    E. FTI SEEKS TO PREVENT MR. POER FROM CONTINUING TO WORK IN CALIFORNIA. ...................................................................................... 4
III. ARGUMENT ..................................................................................................................... 6
    A. FTI IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN THIS DISTRICT. .............................................................................................................. 7
    B. VENUE IS PROPER AS A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED IN THIS DISTRICT. ................. 12
    C. TRANSFER UNDER 28 U.S.C. SECTION 1404 IS NOT APPROPRIATE. ..................................................................................................... 14
IV. CONCLUSION ................................................................................................................ 15

i

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JSC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Application Grp., Inc. v. Hunter Grp., Inc.*,
61 Cal. App. 4th 881 (1998) .................................................................................................... 2

*Berdux v. Project Time & Cost, Inc.*,
669 F. Supp. 2d 1094 (N.D. Cal. 2009) ............................................................................. 8, 11

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ................................................................................................ 10

*Bristol Meyers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) ................................................................................................................ 10

*Burri L. PA v. Skurla*,
35 F.4th 1207 (9th Cir. 2022) .................................................................................................. 8

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) .................................................................................................................. 8

*FTI Consulting v. Poer*,
No. 1:24-cv-02035-CJN (D.D.C. Aug. 5, 2024) ............................................................ 5, 6, 9

*Gulf Ins. Co. v. Glasbrenner*,
417 F.3d 353 (2d Cir. 2005) .................................................................................................. 13

*Hill v. Workday, Inc.*,
No. 23-CV-06558-PHK, 2024 WL 3012802 (N.D. Cal. June 14, 2024) ............................ 11

*Jacobs v. Sustainability Partners LLC*,
No. 20-CV-01981-PJH, 2020 WL 5593200 (N.D. Cal. Sept. 18, 2020) ....................... 13, 14

*Jenkins Brick Co. v. Bremer*,
321 F.3d 1366 (11th Cir. 2003) ....................................................................................... 13, 14

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ................................................................................................. 15

*Klemmer v. Evans*,
No. C-08-03732 JCS, 2009 WL 10695592 (N.D. Cal. Feb. 13, 2009) .................................. 9

*Lerman v. My Pillow, Inc.*,
No. SACV 12-0916 AG (RNBx), 2012 WL 12953662 (C.D. Cal. Oct. 1, 2012) ...... 12, 13, 14

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ............................................................................................ 10, 12

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Mewawalla v. Middleman*,
   601 F. Supp. 3d 574 (N.D. Cal. 2022) ........................................................................................ 8

*Mitan v. Feeney*,
   497 F. Supp. 2d 1113 (C.D. Cal. 2007) ...................................................................................... 9

*Peterson v. Kennedy*,
   771 F.2d 1244 (9th Cir. 1985) .................................................................................................. 10

*Rashidi v. Veritiss, LLC*,
   No. 2:16-cv-04761-CAS(JPRx), 2016 WL 5219448 (C.D. Cal. Sept. 19, 2016) ............. 11, 12

*Richmond Technologies, Inc. v. Aumtech Business Solutions*,
   No. 11-CV-02460-LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011) ................................... 13

*Roling v. E*Trade Sec., LLC*,
   756 F. Supp. 2d 1179 (N.D. Cal. 2010) .............................................................................. 14, 15

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) .................................................................................................... 12

*Rush v. Savchuk*,
   444 U.S. 320 (1980) .................................................................................................................. 12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...................................................................................................... 7

*Shanze Enterprises, Inc. v. American Casualty Co. of Reading, Pennsylvania*,
   No. 2:14-CV-02623-KJM-AC, 2015 WL 1014167 (E.D. Cal. Mar. 5, 2015) ........................ 12

*Sierra v. Costco Wholesale Corp.*,
   630 F. Supp. 3d 1199 (N.D. Cal. 2022) ...................................................................................... 1

*Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*,
   No. 15-CV-03566-JSC, 2015 WL 6089276 (N.D. Cal. Oct. 16, 2015) ................................... 11

*Westerman v. FTI Consulting, Inc.*,
   No. 24-cv-4118-JCS, 2024 WL 4314789 (N.D. Cal. Sept. 25, 2024) ........................... 1, 8, 14

**Statutes**

28 U.S.C.
   § 1391(b)(2) ......................................................................................................................... 12, 14
   § 1391(c)(2) ............................................................................................................................... 13
   § 1404 ......................................................................................................................................... 14
   § 1404(a) ....................................................................................................................... 12, 14, 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

## I. INTRODUCTION

Defendants FTI Consulting, Inc. and FTI, LLC (collectively, "FTI") have conducted extensive business in California, benefiting from the forum's laws and economy for over a decade. This dispute, which centers on FTI's employment of Mr. Poer in its San Francisco, California office, on behalf of which he served predominantly California clients, obviously arises from and relates to FTI's California contacts. Yet FTI argues that it is not subject to the jurisdiction of this Court and that this is not a proper venue for Mr. Poer's claims. This is an obvious attempt by FTI to reap the benefits of doing business in California, while skirting the State's worker protection laws, which Mr. Poer seeks to enforce. California courts have categorically rejected attempts to deny employees the protections of this State on jurisdictional grounds where employers, like FTI, have employed the plaintiff employee, have held out that employee to the public as a California employee, and have had that employee regularly service numerous California-based clients. FTI's employment of Mr. Poer in California easily satisfies the requirements for personal jurisdiction and venue.

FTI's attempts to foreclose California protections to Mr. Poer, who worked on behalf of FTI in California and now seeks to work for another employer's California office, is nothing more than gamesmanship and forum shopping. Last month, Judge Spero addressed a motion filed by FTI against another former employee of their San Francisco office against whom FTI is seeking to unlawfully enforce non-compete covenants. As here, FTI alleged that because the plaintiff had worked for the San Francisco office remotely from another state in recent years his claims had no connection to FTI's contacts with this forum and that venue was improper. Judge Spero denied FTI's motion, describing his finding of personal jurisdiction was not "even close" and stating FTI's arguments as to venue were "not well taken." Declaration of Morgan Lewis ("Lewis Decl.") Ex. 1 (*Westerman v. FTI Consulting, Inc.*, No. 3:24-CV-04118-JCS, Sept. 5, 2024 Hr'g Tr., at 8:25-9:16)[1]; *see also Westerman v. FTI Consulting, Inc.*, No. 24-cv-4118-JCS, 2024 WL 4314789, at *1

---

[1] "Court filings and orders from other proceedings," like this transcript, "are proper subjects of judicial notice." *Sierra v. Costco Wholesale Corp.*, 630 F. Supp. 3d 1199, 1208 (N.D. Cal. 2022).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT
CASE NO. 3:24-CV-04725-JCS

(N.D. Cal. Sept. 25, 2024) (Judge Spero's order denying FTI's equivalent motion).  FTI's Motion is equally baseless here and should be denied.

## II.     STATEMENT OF FACTS

### A.    FTI Has Maintained and Grown Substantial California Business for Over a Decade.

FTI maintains eight physical offices in California. *See* ECF No. 18-5, Declaration of Reece Trevor ("Trevor Decl.") ¶ 2.  FTI has numerous employees that it holds out as being located in these California offices, including, formerly, Mr. Poer, who was at all times during his employment connected to FTI's San Francisco office.  *Id*. ¶ 3; *See* ECF No. 18-1, Declaration of Eric Poer ("Poer Decl.") ¶ 9.

FTI's ties to California are so significant that FTI even acknowledged in its 2023 Annual Report that, "[w]hile [FTI's] written employment agreements with [its] Senior Managing Directors . . . may include non-competition and non-solicitation clauses, such clauses may offer us only limited or no protections and may be unenforceable in one or more jurisdictions."  Trevor Decl. ¶ 4, Ex. 1 at 23.  FTI's Annual Report goes on to specify that "California adopted legislation that expanded that state's existing restrictions on non-competes to agreements created out-of-state" and that this adoption may impact FTI's "ability to [] enforce employment provisions considered as a restraint on competition" and "may increase turnover and compensation costs to hire and retain professionals[.]"  *Id.*  FTI therefore anticipated this very issue arising of the Company being subject to California law due to its strong business relationships in California and employment of individuals, like Mr. Poer, as "Senior Managing Directors" in San Francisco.[2]

### B.    FTI Hired Mr. Poer to Work for Its California Business.

As a forensic accounting and California-licensed Certified Public Accountant, Mr. Poer has been predominantly based in San Francisco, California for decades.  Compl. ¶ 11; Poer Decl. ¶¶ 6-9.  Mr. Poer began living and working in San Francisco in 2008.  *See* Poer Decl. ¶ 6.  In 2005, he

---

[2] California's law on non-compete clauses reflects such a fundamental public policy interest that it will void a choice-of-law clause purporting to impose another state's laws if California where California has a more significant interest in the employment agreement at issue including where, as here, the employment agreement identifies Maryland law. *Application Grp., Inc. v. Hunter Grp., Inc*., 61 Cal. App. 4th 881, 902 (1998).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

accepted a position with LECG Corporation ("LECG") as a director of forensic accounting practices, working out of their Lake Oswego, Oregon and San Francisco, California offices. *Id*. In March 2011, FTI expanded its California presence by acquiring certain professionals at LECG, and Mr. Poer became an employee of FTI's San Francisco office. Compl. ¶ 12; Poer Decl. ¶ 7. The entire time FTI employed Mr. Poer, FTI identified him to the public not just as a San Francisco employee, but as a managing director in its San Francisco office, including on his FTI-issued business cards, on the FTI website, and in his FTI signature block. Compl. ¶¶ 13-14; Poer Decl. ¶ 16. At all times during his employment, FTI provided Mr. Poer with key card access to the San Francisco office. Poer Decl. ¶ 16.

A significant part of Mr. Poer's work for FTI was focused on California. Throughout his tenure at FTI, 80% to 90% of Mr. Poer's clients were in California. *Id*. ¶ 10. As part of his job, Mr. Poer managed client engagement teams that were largely made up of California employees. Poer Decl. ¶ 11. He held California-focused leadership positions such as leading FTI's West Coast market activities for their Forensic & Litigation Consulting ("FLC") division and the West Coast leader of FLFC's U.S. Disputes Practice. Poer Decl. ¶ 12. In connection with these roles, Mr. Poer hired many California staff, including managing 10 to 20 employees based in Los Angeles, California and recruiting many senior employees to California. *Id*.

In 2019, roughly eight years into Mr. Poer's employment with FTI, he moved to Nevada. But while his personal residence changed, the links between his work for FTI and California did not. Mr. Poer retained his status as an employee of FTI's San Francisco office, which FTI continued to promote on its website and elsewhere. *Id*. ¶ 15. Mr. Poer continued to serve mostly California-based clients. *Id*. ¶¶ 15-16. His work required consistent travel back to California. *Id*. ¶ 15. FTI has presented no facts to rebut that Mr. Poer's work for FTI significantly involved California clients.

Cooley LLP
Attorneys at Law
San Francisco

3

Plaintiff's Opposition to Defendants'
Motion to Dismiss
Case No. 3:24-cv-04725-JCS

### C. FTI's Employment Agreement Identifies Mr. Poer as a California Employee.

In 2013, Mr. Poer signed a renewed employment agreement with FTI. Poer Decl. ¶ 8, Ex. 2 (the "2013 Employment Agreement"[3]). The 2013 Employment Agreement, drafted by FTI, listed Mr. Poer's "Office Location" as "San Francisco, California." 2013 Employment Agreement, Schedule 1. As part of Mr. Poer's compensation under the 2013 Employment Agreement, FTI gave him a forgivable loan, contingent in part on his compliance with the 2013 Employment Agreement. Mr. Poer again signed a new employment agreement on March 13, 2020. Poer Dec. ¶ 8.

### D. Mr. Poer's Post-FTI Employment Is California-Based.

On April 8, 2024, after approximately 13 years as an employee of FTI's San Francisco office, Mr. Poer notified FTI of his resignation, effective May 23, 2024. Compl. ¶ 22; Poer Decl. ¶ 21. Mr. Poer thereafter assumed his current employment at Secretariat Advisors, LCC ("Secretariat") where he serves as a managing director affiliated with Secretariat's San Francisco office. Compl. ¶ 23; Poer Decl. ¶ 23. Secretariat hired Mr. Poer as a member of its San Francisco office, as is continually marketed on Secretariat's website. Poer Decl. ¶ 26. Mr. Poer continues to work remotely from his home in Nevada, with periodic travel to California for work. *Id.* ¶ 28. At least 80% of Mr. Poer's work at Secretariat relates to California-based clients. *Id.* ¶ 27.

### E. FTI Seeks to Prevent Mr. Poer From Continuing to Work in California.

Despite FTI's continual representation of Mr. Poer as a California employee, the 2011, 2013, and 2020 employment agreements set forth non-compete and non-solicitation covenants that are illegal under California law. *Id.*, Ex. 1 ¶¶ 12-13. Section 12 of the 2020 Employment Agreement seeks to prohibit Mr. Poer from providing his services to virtually any other company anywhere in the world—"including but not limited to the continental United States, Europe, the United Kingdom, Asia and Australia"—for a year after ending his employment with FTI. Compl. ¶ 17,

---

[3] For the Court's convenience, the 2020 Employment Agreement is filed in unredacted and redacted form o at ECF No. 3, starting at page 17 (redacted) and page 147 (unredacted), as well as at ECF No. 10-1, starting at page 13 of Exhibit B to the Declaration of Curtis Lu. Mr. Poer has redacted sensitive personal information in the 2019 Employment Agreement (i.e., Mr. Poer's home address and salary).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

Ex. 1 ¶¶ 12, 17.  Section 13 of the 2020 Employment Agreement also seeks to prevent Mr. Poer from soliciting business "regarding any case or matter upon which" he worked for FTI, soliciting business from any FTI client Mr. Poer worked with in the two years prior to his termination of employment, or soliciting or inducing any FTI employee to stop working for FTI for twelve months after termination of his employment.  Compl. ¶ 18, Ex. 1 ¶ 13.

In June 2024, FTI sent Mr. Poer a letter alleging that, by working for Secretariat's San Francisco office, he had breached the non-solicitation and non-compete provisions in his 2020 Employment Agreement. FTI asserted that Mr. Poer owed it draconian liquidated damages, including his pay from the last twelve months of his employment with FTI, various stock awards that had vested, and the value of the forgivable loan that FTI had made to him in 2013 while he was both working and living in California.  Lu Decl., Ex. E.  In response to FTI's demand letter, as well as FTI's campaign against other former employees and Secretariat through various other lawsuits, Mr. Poer filed this action, seeking declaratory relief from this Court that FTI must comply with California law.  *See generally* Compl.  In a later-filed action, FTI sought relief in D.C., even though D.C. has no meaningful connection to the dispute at issue.  *FTI Consulting, Inc. v. Poer*, Case No. 1:24-cv-02035-CJN (ECF No. 1, D.D.C.) (hereinafter, the "D.C. Lawsuit").  Mr. Poer rarely ever set foot in Washington, D.C., much less transacted meaningful business that in any way gives rise to his alleged breach of the 2020 Employment Agreement.  *See* Def. Eric Poer's Memo. of P. & A. in Supp. of Mot. to Dismiss Compl. at 2-5, *FTI Consulting v. Poer*, No. 1:24-cv-02035-CJN (D.D.C. Aug. 5, 2024), ECF No. 13-1 ("D.C. Mot.").

Given Mr. Poer's lack of any meaningful connections to D.C., he moved to dismiss the claims in that D.C. Lawsuit.  *See Id.*  In his motion to dismiss the D.C. Lawsuit, Mr. Poer detailed the illogicality of proceeding in D.C. with this dispute given his limited contacts with Washington D.C.  Specifically, Mr. Poer noted that "[he] has never performed any level of direct work in D.C., has never owned a residence in D.C., has never paid taxes in D.C., has not communicated or serviced D.C. clients, and has not even been to D.C. in the last four years."  *Id.* at 2.

FTI opposed Mr. Poer's motion to dismiss the D.C. Lawsuit.  *See* Pls. Opp. to Defs. Mot. to Dismiss, *FTI Consulting v. Poer*, No. 1:24-cv-02035-CJN (D.D.C. Aug. 19, 2024), ECF No. 16
COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

("D.C. Opp."). In its opposition, FTI took a strikingly broad view of specific personal jurisdiction: "in a contract dispute, forum contacts associated with the ***overall contractual relationship*** are relevant to personal jurisdiction—not just contacts associated with the specific breakdown in a relationship that precipitated the lawsuit." *Id*. at 12. On FTI's view, it could sue Mr. Poer in D.C. based on a handful of attenuated interactions, such as that he "would have had" communications with D.C.-based FTI employees over his tenure with FTI and that FTI had sent him letters from that forum demanding payment for his alleged breach of the illegal non-compete clauses. *Id*. at 1, 10, 15.

In his reply in support of dismissing the D.C. Lawsuit, Mr. Poer indicated that, as an alternative to dismissal, the D.C. Lawsuit should be transferred to this Court, as "the Northern District of California has the strongest connection to this action of any federal court." *See* Def. Reply in Supp. of Mot. to Dismiss Compl., *FTI Consulting v. Poer*, No. 1:24-cv-02035-CJN (D.D.C. Aug. 26, 2024), ECF No. 23 at 13. The parties are awaiting a ruling on Mr. Poer's motion to dismiss the D.C. Lawsuit. While that ruling remains pending, as stated in Mr. Poer's motion for preliminary injunction, Mr. Poer faces ongoing, irreparable harm from FTI's unlawful campaign to enforce its non-compete and non-solicitation covenants against him. *See* Poer Decl. ¶ 29.

### III. <u>ARGUMENT</u>

Mr. Poer easily establishes personal jurisdiction over FTI and readily demonstrates that venue is proper in this Court. As to specific personal jurisdiction, FTI hired Mr. Poer to work for its San Francisco office and to build and support its California business, which he did by primarily serving California clients for over a decade. Moreover, FTI now seeks to prevent him from contacting or working with those same California clients. As to venue, a substantial portion of events giving rise to this dispute occurred in this District. FTI cannot sidestep California law by relying on incidental communications or attendant work that Mr. Poer performed in states other than California. There is no jurisdiction or venue more appropriate to preside over this case than the Northern District of California.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

### A. FTI Is Subject to Specific Personal Jurisdiction in This District.

FTI is subject to specific jurisdiction in California because FTI's actions directed at the forum state give rise and relate to Mr. Poer's claims and jurisdiction is reasonable. While Mr. Poer bears the burden of establishing jurisdiction, he "need only make a prima facie showing of jurisdictional facts," with uncontroverted allegations in his complaint treated as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). In cases like this, where a jurisdictional challenge is based on written submissions alone, the court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (citation omitted).

Specific jurisdiction exists over FTI because it has (1) the defendant "purposefully avail[ed] [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws," (2) the plaintiff's claims "arise[] out of or relate[] to the defendant's forum-related activities," and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802.

**Prong 1**: FTI does not dispute that it purposefully availed itself of the privilege of conducting activities in California, nor could it. FTI maintains multiple offices in California, including its San Francisco office, where it employed Mr. Poer. Trevor Decl. ¶¶ 2-3. It conducts significant business in California, including the many matters that Mr. Poer worked on. Poer Decl. ¶ 27.

**Prong 2**: FTI primarily contends that Mr. Poer's Complaint lacks the requisite nexus to California, but that is wrong. His claims are based on his employment agreement with FTI, through which FTI hired him as a managing director for its San Francisco office, and under which he spent 80-90% of his time working for FTI's California-based clients. Poer Decl. ¶¶ 10-17; *see supra* Statement of Facts. While this alone is sufficient to show specific jurisdiction over FTI, the case is further tethered to this forum because Mr. Poer brought this case to seek protection from FTI's attempts to stop him from freely and legally working for Secretariat's San Francisco office and serving the same California clients with whom he worked while at FTI. His claims both "arise out

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

of" and "relate to" this forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021).

Just weeks ago, Judge Spero rejected FTI's nearly identical arguments against personal jurisdiction in a nearly-identical case. In *Westerman v. FTI*, FTI contended that plaintiff Mr. Westerman, a former FTI employee now working at Secretariat, could not bring suit in California to enjoin equivalent non-compete terms in his employment agreement with FTI. Just as it does here, FTI argued that even though the plaintiff in *Westerman* had been a member of FTI's San Francisco office, had lived and worked for FTI in San Francisco before moving to Wyoming, had served many California clients, and now worked for Secretariat's San Francisco office, none of FTI's contacts were enough to support jurisdiction here. The court roundly rejected those arguments and found that the plaintiff's claims arose out of FTI's California ties, finding that "it is difficult to fathom FTI's insistence that Westerman was *not* a California employee because he worked remotely from Wyoming." *Westerman*, 2024 WL 4314789, at *13.

As in *Westerman*, here FTI fails to even address the standards governing the "arising out of or relate to" prong of the personal jurisdiction test or the recent Supreme Court and Ninth Circuit authority interpreting them. *See generally* Mot.; *Westerman*, 2024 WL 4314789, at *12. The Ninth Circuit has recognized that the "arising out of or relate to" prong is "less exacting" than the purposeful availment prong, and therefore, in most cases where the plaintiff's allegations satisfy the purposeful availment test, the second prong will also be satisfied. *Id.* (quoting *Burri L. PA v. Skurla*, 35 F.4th 1207, 1216 n.5 (9th Cir. 2022)). Both tests are easily met here.

Indeed, courts find specific jurisdiction based on a fraction of the connections present here and in *Westerman*. *See, e.g.*, *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 594 (N.D. Cal. 2022) (establishing specific jurisdiction over an out-of-state defendant against a Washington citizen plaintiff who entered into an employment agreement because defendants had hired him to "capitalize on [his] Silicon Valley connections," even though the defendant had no office or regular business in California); *Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1098, 1102 (N.D. Cal. 2009) (establishing specific jurisdiction over a Nevada resident plaintiff against a Georgia-based company that induced him to move to a San Francisco office that it was opening).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

The standard is met—and exceeded—here, where Mr. Poer's 2020 Employment Agreement was mostly focused on his work for California-based clientele while at FTI and where he was promoted as a San Francisco-based employee.

**Prong 3**: Exercising jurisdiction over FTI also comports with fair play and substantial justice. Where, as here, the first two prongs are met, "[t]here is a presumption that the exercise of jurisdiction is reasonable" and "the burden then shifts to the defendant to present a 'compelling case' that jurisdiction is unreasonable." *Klemmer v. Evans*, No. C-08-03732 JCS, 2009 WL 10695592, at *6 (N.D. Cal. Feb. 13, 2009), *report and recommendation adopted*, No. 08-03732 CW, 2009 WL 10695461 (N.D. Cal. Mar. 19, 2009) (citation omitted). FTI has not met this burden. On the contrary, the factors FTI acknowledges courts consider in analyzing fair play and substantial justice all show jurisdiction is met. Mot. at 18. First, "the extent of the defendant's purposeful interjection into the forum" state's affairs, supports jurisdiction here, where FTI employed Mr. Poer as a San Francisco employee. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1121-22 (C.D. Cal. 2007). Second, "the defendant's burdens from litigation in the forum" favors jurisdiction here, as FTI has yet to specifically identify any central witnesses or evidence located outside California, and in fact FTI always promoted Mr. Poer as a San Francisco employee. *Id.* at 1122. Third, FTI argues that jurisdiction here conflicts with the sovereignty of its preferred forum—D.C. Mot. at 19. Mr. Poer was never employed by FTI in D.C. and FTI has presented no basis for D.C. law to be enforced in this case, even if it were to proceed, given that FTI put a Maryland choice-of-law provision in the 2020 Employment Agreement. Fourth, in contrast, California has an immense interest in adjudicating the dispute, where Mr. Poer seeks to avail himself of a fundamental public policy in California, the right to freely work in his chosen profession within the state. Regarding factors five and six, this is the "most efficient" and "convenient" forum as it is plaintiff's chosen forum, FTI has an office here, all counsel to appear on the record in this case are located in California, and FTI has not identified a valid alternative, given that there is not personal jurisdiction over Mr. Poer in D.C. *Id.* Finally, the seventh factor weighs toward venue here since, as addressed, FTI has not identified a valid alternative forum. *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

Ignoring the clear weight of authority, FTI relies on factually distinct case law and irrelevant facts. For example, FTI cites case law that involved singular, unknown, and/or untargeted contacts with California. *See* Mot. at 13 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (concerning an out-of-state defendant who sold a car on eBay to a California resident for pick up in Wisconsin); *Peterson v. Kennedy*, 771 F.2d 1244, 1261-62 (9th Cir. 1985) (involving a football player who sued a player's union and its attorneys for providing allegedly fraudulent advice when the only contacts with California were intermittent calls and letters)); *see also* Mot. at 14 (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 n.9 (9th Cir. 1988) (concerning a defendant with no offices or business in California and with no mention of California or even the United States in the contract)).[4]

FTI likewise distorts the mounting factual record of FTI's California contacts by trying to analogize this case to *Bristol Meyers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017). *See* Mot. at 14. Yet *Bristol Myers Squibb* involved mostly non-California plaintiffs who had no connection to the forum state and who—critically—never interacted with the defendant or the products that allegedly injured them in California. 582 U.S. at 258. The "relevant plaintiffs [were] not California residents and [did] not claim to have suffered harm in that State." *Id.* at 265. Mr. Poer, by contrast, was a California employee who now seeks to continue to keep working in California; he has therefore "suffered harm in th[is] State" as a result of the contract he seeks to enjoin. *Id.* This constitutes the exact kind of connection required between the forum and the specific claims at issue as required by *Bristol Myers Squibb*. *Id.* at 256.

And similarly, FTI incorrectly claims that an employment contract with continuing obligations unconnected to California does not establish personal jurisdiction. The case FTI cites concerned an employment contract for a non-California business, unlike Mr. Poer's 2020 Employment Agreement, which contemplated performance on behalf of FTI's San Francisco

---

[4] Contradicting its position in this case, FTI in the D.C. Lawsuit claims that personal jurisdiction is established because Mr. Poer had three interactions with FTI D.C. headquarters: the 2020 Employment Agreement with D.C.-based FTI, sporadic interactions with D.C.-based personnel, and very sparing though unspecified work travel to D.C. *See* D.C. Opp. at 8-10. FTI has far more contacts with California than what FTI claims is sufficient in D.C., a jurisdiction where Mr. Poer has few if any contacts.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

office. *See* Mot. at 15 (citing *Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*, No. 15-CV-03566-JSC, 2015 WL 6089276, at *6 (N.D. Cal. Oct. 16, 2015) (involving a defendant company that did not have any offices in the United States, was not registered as a business entity in California, and did not solicit business in California or have any employees or company representatives in California)).

FTI next focuses on case law concerning remote employees by citing *Hill v. Workday, Inc.*, No. 23-CV-06558-PHK, 2024 WL 3012802, at *11 (N.D. Cal. June 14, 2024), which is taken out of context. *See* Mot. at 16. The language FTI quotes on that employee's residence refers to that court's analysis of situs of employment for purposes of evaluating the extraterritorial application of **two state statutes**; it has nothing to do with jurisdiction. *See id.* (citing *Hill*, 2024 WL 3012802, at *11).[5] In any event, FTI cannot distract from its consistent California ties by pointing to Mr. Poer's eventual move to Nevada. *See* Poer Decl. ¶ 17. After Mr. Poer had worked in San Francisco for more than a decade for FTI, Mr. Poer and FTI's California relationship continued for years, with Mr. Poer commuting to San Francisco and continually to be based out of its San Francisco office—where he remained a managing director. *Id*. Simply put, Mr. Poer was an FTI San Francisco employee throughout his employment.

Likewise, FTI's fixation on the location where Mr. Poer signed and/or negotiated the 2020 Employment Agreement is irrelevant. In support, FTI cites *Rashidi v. Veritiss, LLC*, No. 2:16-cv-04761-CAS(JPRx), 2016 WL 5219448 at *6 (C.D. Cal. Sept. 19, 2016), a case that did ***not*** hold—as FTI alleges—that the defendant must negotiate or enter into the contract in the forum state for jurisdiction to be proper. *See* Mot. at 14. Instead, the court in *Rashidi* found specific jurisdiction was not satisfied where the defendant's only contact with California consisted of sending one email to the plaintiff, who was located in California. *Rashidi*, 2016 WL 5219448, at * 5. Where, as here, the substance of the underlying contract directly and expressly implicates California, the location where either party executed the contract is immaterial. *See, e.g.*, *Berdux*, 669 F. Supp. 2d at 1101

---

[5] Even assuming FTI had properly cited the personal jurisdiction section of *Hill*, 2024 WL 3012802, at *17, the case still does not support FTI's position. In *Hill*, this District declined to extend specific jurisdiction because the defendant had performed **no** work in or directed towards California and because all material actions happened in another state. *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

(finding that, for purposes of personal jurisdiction, "the place where a contract is executed is of far less importance than where the consequences of performing that contract come to be felt" (citation omitted)); *McGlinchy*, 845 F.2d at 816 (finding that the "formality of signing the contract in [one jurisdiction] cannot establish jurisdiction"); *Rashidi*, 2016 WL 5219448, at *5-6 (focusing only on future consequences and not where the parties negotiated the contract); *Lerman v. My Pillow, Inc.*, No. SACV 12-0916 AG (RNBx), 2012 WL 12953662, at *4 (C.D. Cal. Oct. 1, 2012) (finding personal jurisdiction was proper where contract contemplated future performance in California, even when contract was executed in Minnesota); *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (declining to extend specific jurisdiction based on the location of the signing of the agreement and instead looking at where "most of the future of the contract would have centered").

FTI's other arguments fall short because they concern entirely irrelevant case law. *Rush v. Savchuk*, 444 U.S. 320, 330 (1980), involved quasi in rem jurisdiction, not personal jurisdiction, and concerned an action against an out-of-state defendant with no forum contacts. *See* Mot. at 15. And to pile on in the list of inapposite case law, the language FTI cites from *Shanze Enterprises, Inc. v. American Casualty Co. of Reading, Pennsylvania*, No. 2:14-CV-02623-KJM-AC, 2015 WL 1014167, at *6 (E.D. Cal. Mar. 5, 2015), involved a 28 U.S.C. 1404(a) motion to transfer governed by separate public policy factors. *See* Mot. at 19.

Specific jurisdiction in California is thus undoubtedly satisfied given FTI's connections with this forum and their close connection to Mr. Poer's claims.

### B. Venue Is Proper as a Substantial Part of the Events Giving Rise to the Claim Occurred in This District.

To establish venue, the plaintiff must demonstrate that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the district where filed. 28 U.S.C. § 1391(b)(2). There can be no doubt that just about every part of the events giving rise to this claim occurred in the Northern District of California. FTI at all times publicly identified Mr. Poer as a San Francisco-based employee, and Mr. Poer spent the vast majority of his time supporting California-based FTI clients. Compl. ¶ 13; Poer Decl. ¶ 10. FTI now seeks to prevent Mr. Poer from working with these

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

same clients and former colleagues and from working on behalf of his new employer in its San Francisco office.  These facts, and others, easily establish that venue is proper.

Courts analyzing similar facts readily find venue proper.  For example, in *Richmond Technologies, Inc. v. Aumtech Business Solutions*, the court explained that factors relevant to venue include "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred[.]"  No. 11-CV-02460-LHK, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)).  The court held that venue was proper because the plaintiff had performed the contact in that district, even though the defendants "may have executed and performed their contracts in other locations[.]"  *Richmond Techs.*, 2011 WL 2607158, at *10.  There can be no question that Mr. Poer, as FTI's senior managing director of its San Francisco office, performed his contract in this venue.  *See* Poer Decl. ¶ 7.

Relatedly, even when it is unclear where the employment contract was negotiated and executed, courts still find venue proper where it is reasonably clear that the intended place of performance of the contract is in California.  *Jacobs v. Sustainability Partners LLC*, No. 20-CV-01981-PJH, 2020 WL 5593200, at *5 (N.D. Cal. Sept. 18, 2020).  Thus, even if a plaintiff's connection to the venue is mere in-person meetings with potential clients in California, venue is proper.  *See Richmond Techs.*, 2011 WL 2607158, at *10; *see also Lerman*, 2012 WL 12953662, at *7 (finding that, where the employment contract was executed in Minnesota but the plaintiff performed some work within the cities of the Central District of California, venue is established).  Mr. Poer's work for FTI, which was largely focused on California-based client and work, more than meets the standard.  *See* Poer Decl. ¶¶ 10-12.

Additionally, because Mr. Poer easily satisfies the test for specific jurisdiction, venue is proper.  *See* 28 U.S.C. § 1391(c)(2) (when determining residency for venue purposes, entities are "deemed to reside, [] in any judicial district in which [they are] subject to the court's personal jurisdiction").

To try to defeat the most obvious venue selection, FTI's sole authority in support of its outlier position is an Eleventh Circuit case that this District has flatly rejected.  FTI cites *Jenkins*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

*Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) for the proposition that courts look at the place where the contract was negotiated and executed to establish venue. Mot. at 21. Yet this Court has explicitly held that *Jenkins* is not controlling. *Jacobs*, 2020 WL 5593200, at *6. Instead, in determining venue, courts consider the place of negotiation, place of performance, and place of breach. *Id.* As this District has recognized in rejecting *Jenkins*, even if other districts are proper, "based on the place of performance of the contract, venue properly lies in this district pursuant to § 1391(b)(2)." *Jacobs*, 2020 WL 5593200, at *6 (acknowledging that venue is "proper where [a] California-based [] consultant's 'performance of the contract involved him working on [an] infomercial project in . . . cities within the [] District of California' even where execution of contract, production and shooting of informercial and alleged failure to pay took place in Minnesota" (citing *Lerman*, 2012 WL 12953662, at *7)).

The Court summarily rejected FTI's identical argument regarding venue in *Westerman*. There, Judge Spero held that though the plaintiff lived and primarily worked from Wyoming, because FTI represented that the plaintiff was as a managing director in San Francisco, where he spent a significant number of work-days there each year, venue was proper. *Westerman*, 2024 WL 4314789, at *18. The same logic applies here.

FTI has no basis to defeat venue in this case. The Northern District of California is not just a proper venue for this case. It is the most obviously proper venue.

### C.   Transfer Under 28 U.S.C. Section 1404 Is Not Appropriate.

As a last-ditch effort to keep this case out of California, FTI argues that transfer is appropriate under 28 U.S.C. section 1404, which authorizes district courts to transfer a civil action to another district court to serve the convenience of parties and witnesses and the interest of justice. *See* Mot. at 22; 28 U.S.C. § 1404(a). District courts use a two-step analysis to determine whether a transfer is proper. *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010). The threshold question is whether the case could have been brought in the forum in which the transfer is sought. *Id.* The answer here is no. The D.C. court lacks personal jurisdiction over Mr. Poer and venue is improper. *See* D.C. Opp. at 8-10 (describing Mr. Poer's minimal contacts with D.C. and the lack of connection between this dispute and D.C.).

Cooley LLP
Attorneys at Law
San Francisco

14

Plaintiff's Opposition to Defendants'
Motion to Dismiss
Case No. 3:24-cv-04725-JCS

Even if the case could properly be brought in D.C., the additional seven factors identified by FTI relies upon do not support transfer. Mot. at 24. First, D.C. is not "the state that is most familiar with the governing law." *Id.* FTI identifies no basis for applying D.C. law. This case involves the laws of California and, to the extent the Court must construe the employment agreement's choice of law provision, Maryland law. *See, e.g.*, Compl. Ex. 1 ¶ 24. Second, the fact that Mr. Poer chose the Northern District of California should be given great weight. *Roling*, 756 F. Supp. 2d at 1186. Third and fourth, as discussed, the parties and claims have significant connections with this forum. Mr. Poer and his claims have virtually no connection to D.C. Fifth, litigating in California is much more economical and convenient for Mr. Poer, an individual who lives in the neighboring state of Nevada, where FTI has numerous offices, and where all counsel that have appeared in this case are located. Sixth, while FTI argues that the parties, evidence, and witnesses are not located in California, they have not identified any such witnesses, and any evidence is almost certainly digital and as easily accessed here as in D.C. Seventh, as stated, the D.C. action lacks personal jurisdiction and venue.

Additionally, the fact that California has a strong public policy against noncompetition clauses weighs against transfer out of the Northern District of California. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (holding that the relevant public policy of the forum state is at least as significant a factor in the § 1404(a) balancing).

Accordingly, this Court should not transfer the action to the U.S. District Court for the District of Columbia.

### IV.  CONCLUSION

For the foregoing reasons, Mr. Poer respectfully requests that the Court deny FTI's Motion to Dismiss.

///
///
///
///
///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS

Dated: October 10, 2024

COOLEY LLP

By: /s/ John Hemann
    John Hemann

Attorneys for Plaintiff
ERIC POER

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 3:24-CV-04725-JCS