COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ASHLEY KEMPER CORKERY (301380)
(acorkery@cooley.com)
REECE TREVOR (316685)
(rtrevor@cooley.com)
MORGAN E. LEWIS (322205)
(melewis@cooley.com)
EVA SPITZEN (354081)
(espitzen@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Plaintiff
ERIC POER

PAUL HASTINGS LLP
ELENA R. BACA (160564)
(elenabaca@paulhastings.com)
CHRIS A. JALIAN (295564)
(chrisjalian@paulhastings.com)
DEISY CASTRO (311816)
(deisycastro@paulhastings.com)
KRISTEN ARABACI (341682)
(kristenarabaci@paulhastings.com)
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:    213 683 6000
Facsimile:    213 627 0705

Attorneys for Defendants
FTI CONSULTING, INC. and FTI, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC POER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FTI CONSULTING, INC. and FTI, LLC,<br><br>　　　　Defendants. | Case No. 3:24-cv-04725-JSC<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

### 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2.    COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

**3.    LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.    PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

**(a)**    The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

**(b)**    The parties will identify the number of legal hold recipients for whom ESI is being preserved.

**(c)**    The parties are currently meeting and conferring regarding the temporal scope of ESI preservation and, following the parties' agreement and/or a Court order, the parties will file an amended stipulation.

**(d)**    The parties will continue to meet and confer, where appropriate, regarding ESI preservation, the temporal scope of ESI preservation and/or production, and in connection with other matters, consistent with the Federal Rules of Civil Procedure, this Court's Civil Local Rules, and any other applicable orders and rules.

**5.    SEARCH**

The parties agree that in responding to Fed. R. Civ. P. 34 requests, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

**6.    PRODUCTION FORMATS**

The parties agree to produce documents in TIFF and/or native file formats in accordance with the requirements below. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**(a)    De-duplication.** The parties will use industry standard MD5 or SHA hash values at the Family level to globally deduplicate all files identified for production. Stand-alone ESI will not be compared to email attachments for deduplication purposes.  Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

**(b)    Document Unitization.**  Where documents with attachments are produced, they will be attached in the same manner as included in the original file. Unless withheld documents contain solely privileged information, or other information protected from disclosure, any party producing documents ("Producing Party") will produce complete document families where any portion of the family contains relevant information.  Where documents are produced and the full family is not included, the Producing Party will identify the missing attachments by means of a "place holder" file explaining why the document was not produced.

Where the Producing Party converts hard copy documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records.

Hard copy documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions.

**(c)    Production Delivery.**  Productions shall be delivered via secure online data transfer or on an external hard drive if the size of a production makes online transfer impractical.

**(d)    Encryption.**  To maximize the security of information in transit, the parties shall encrypt any physical media used for production.  The Producing Party will provide the encryption key or password and instructions to the party receiving the documents ("Receiving Party"), upon receipt of the encrypted media.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

(e)     **TIFF Image Requirements.**

i.      TIFF images will be produced in black and white, 300x300 dpi Group IV single-page format and will be consecutively Bates-stamped.

ii.     Images will include the following content where present:

a.      For word processing files (e.g., Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content.

b.      For presentation files (e.g., Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

c.      For spreadsheet files (e.g., Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and any similar in-line editing or hidden content.

iii.    The parties may request color copies of any documents that cannot be accurately reviewed in black and white TIFF format. Reasonable requests for color documents should not be refused.

iv.     The parties will meet and confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review, databases and database reports, and any document types that cannot be accurately rendered or reviewed in TIFF image format.

(f)     **Native Production Requirements.**

i.      Spreadsheets files (e.g., Microsoft Excel and .csv files) shall be provided in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

ii.     When redaction of a spreadsheet is necessary in image format, a redacted full TIFF version may be produced if the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably usable in TIFF format, the parties will meet and confer to determine a suitable production format.

Cooley LLP
Attorneys at Law
San Francisco

- 4 -

Stipulated Order Re Discovery of
Electronically Stored Information
Case No. 3:24-cv-04725-JSC

iii. The parties may use a native redaction tool (e.g. Relativity Redact) to redact privileged information from documents produced in native format as long as the Receiving Party can easily identify the redactions.

iv. Media files (e.g. .mp3, .wmv, etc.) will be produced in native format with a single placeholder image bearing the Bates number and confidentiality designation.

**(g)** **Load Files.** A Concordance compatible data load file will be provided with each production volume containing a header row listing all metadata fields included in the volume. Image load files will be produced in Concordance/Opticon compatible format.

**(h)** **Extracted Text/OCR**

i. The parties will not degrade the searchability of documents as part of the document production process. Electronically extracted text shall be provided if available for documents collected from electronic sources. Text generated via optical character recognition ("OCR") shall be provided for all ESI that does not contain electronically extractable text (e.g., non-searchable PDF files or JPG images), documents redacted in image format, and hard copy documents.

ii. Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.

iii. Text files will be named according to the beginning Bates number of the document to which they correspond.

**(i)** **Metadata.** The parties agree to produce the metadata fields listed in Appendix A where available. Parties are not obligated to produce metadata that is not reasonably available. Parties are not required to convert files, documents, or data to create or add metadata that is not part of the way such information is stored in the ordinary course of business.

**(j)** **Confidentiality Designations.** If a party converts native files or other ESI that bear a confidentiality designation under the Protective Order entered in this case to hardcopy form, such party shall mark the physical document with the same confidentiality

Cooley LLP
Attorneys at Law
San Francisco

- 5 -

Stipulated Order Re Discovery of
Electronically Stored Information
Case No. 3:24-cv-04725-JSC

designation.  Further, to the extent confidential files or documents are produced in native format, all produced files or documents shall be marked with the appropriate confidentiality designation under the Protective Order.

**7.    DOCUMENTS PROTECTED FROM DISCOVERY**

(a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply.

(b)    This Order will not serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged information before production. The parties further agree that, upon being notified of a Producing Party's disclosure of privileged and/or protected documents, ESI or information (including metadata), the Receiving Party must take the steps set forth in Federal Rule of Civil Procedure 26(b)(5)(B), including, but not limited to, promptly returning, sequestering, or destroying the specified documents, ESI or information (including metadata) and any copies it may have.

(c)    Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**8.    MODIFICATION**

This Order may be modified by a stipulated order of the parties or by the Court for good cause shown.

**9.    MISCELLANEOUS PROVISIONS**

(a)    **No Waiver**. Nothing in this Order shall be interpreted to require disclosure of information that is not relevant or proportional to the needs of the case, or information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive objections as to the production, discoverability, admissibility

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

1  or confidentiality of physically-stored information or electronically-stored information.

2          **(b)    Reimbursement**. Nothing in this Order shall affect, in any way, a Producing

3  Party's right to seek reimbursement for costs associated with collection, review, and/or production

4  of physically-stored information or electronically-stored information.

5          **(c)    Application.** The obligations under this Order shall apply to the parties, their

6  agents and indemnitors, including in regard to all documents, data, or information collected from

7  or produced by third parties on behalf of a party, including but not limited to, agents and

8  indemnitors.

9          **IT IS SO STIPULATED**, through Counsel of Record.

10

11  Dated: February 10, 2025                    COOLEY LLP

12

13                                              By: */s/ John Hemann*

14                                                  John Hemann

15                                              Attorneys for Plaintiff
                                                ERIC POER

16  Dated: February 10, 2025                    PAUL HASTINGS LLP

17

18                                              By: */s/ Chris A. Jalian*

19                                                  Chris A. Jalian

20                                              Attorneys for Defendants
                                                FTI CONSULTING, INC. and FTI, LLC

21

22          <u>**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**</u>

23          I, John Hemann, attest that concurrence in the filing of this document has been obtained

24  from the other signatories.  I declare under penalty of perjury under the laws of the United States

25  that the foregoing is true and correct.

26          Executed this 10th day of February 2025, in San Francisco, California.

27                                              */s/ John Hemann*

28                                                  John Hemann

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                    - 7 -
STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

1

**IT IS ORDERED** that the forgoing Agreement is approved.

2

Dated: _____

3

_____
UNITED STATES DISTRICT JUDGE
JACQUELINE SCOTT CORLEY

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

STIPULATED ORDER RE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:24-CV-04725-JSC

**APPENDIX A.**
**METADATA FIELDS**

1.    **BegBates** -- Beginning Bates number.

2.    **EndBates** -- Ending Bates number.

3.    **BegAttach** -- Bates number of the first page of a family range.

4.    **EndAttach** -- Bates number of the last page of a family range.

5.    **ParentID** – Parent Bates number, populated only for child records.

6.    **PageCount** -- Number of pages in a document.

7.    **FileExtension** -- Original file extension as the document was maintained in the ordinary course.

8.    **FileSize** -- File size in bytes.

9.    **DocTitle** -- Document title as extracted from a native file

10.   **Confidentiality** – Any confidentiality designation applied by the Producing Party under the Protective Order on file in this action.

11.   **CloudDocTitle** – Document title exported from a cloud repository or document management system.

12.   **DocSubject** -- Any value populated in the Subject field of the document properties.

13.   **Custodian** – Primary custodian full name.

14.   **AllCustodians** – All custodians from whom a record was collected.

15.   **Author** -- Document author information for non-email ESI.

16.   **LastSavedBy** – User who last saved ESI.

17.   **CloudDocType** – Document type information for documents collected from a cloud repository or document management system.

18.   **CloudOwner** – Owner information for documents collected from a cloud repository or document management system.

19.   **CloudCollaborators** – Collaborator information exported from a cloud repository or document management system.

Cooley LLP
Attorneys at Law
San Francisco

Stipulated Order Re Discovery of
Electronically Stored Information
Case No. 3:24-cv-04725-JSC

20.    **CloudViewers** – Viewer information exported from a cloud repository or document management system.

21.    **CloudLabels** – Labels or categories applied to emails or documents in a cloud repository or document management system.

22.    **From -** Sender of an email or chat communication.

23.    **To -** Recipient of an email or all recipients of a chat communication.

24.    **CC**

25.    **BCC**

26.    **Email Subject**

27.    **IntMsgID**

28.    **AttachmentCount** – The total number of attachments including any attachments that were not processed and the contents of additional attached containers.  A value of zero (0) should be returned for any files/documents without attachments.

29.    **Collaboration Channel/Chat Name –** Name of the channel or chat where the chat communication occurred.

30.    **Chat Conversation ID** – Unique ID to identify all messages and attachments within a chat communication channel/thread (i.e., messages involving the same participants or occurring within the same thread).

31.    **DateCreated** -- File date and time created as extracted from the native file.

32.    **CloudDateCreated** – Date and time created as shown in metadata exported from a cloud repository or document management system.

33.    **DateModified** -- File date and time modified as extracted from the native file.

34.    **CloudDateModified** – File date and time modified as shown in metadata exported from a cloud repository or document management system.

35.    **DateLastSaved** – File date and time last saved as extracted from the native file.

36.    **DateSent** -- Date and time sent.

37.    **DateReceived** -- Date and time received.

Cooley LLP
Attorneys at Law
San Francisco

**38.**    **DateLastAccessed –** Date and time accessed as extracted from the native file.

39.    **FileName** -- Name of the file as maintained in the ordinary course of business with extension.

40.    **FilePath** – The full path to the original location of the file.

41.    **Hash** -- The hash value generated at processing.

42.    **TextPath** -- The path to the text file for each record in the production volume, including filename.

43.    **NativePath** -- The path to the native format file on the delivery media, including the file name.