UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC POER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FTI CONSULTING, INC., et al.,<br><br>　　　　Defendants. | Case No.  24-cv-04725-JSC<br><br>**ORDER RE: MARCH 5, 2025 DISCOVER DISPUTE JOINT LETTER**<br><br>Re: Dkt. No. 89 |

Pending before the Court is a discovery dispute joint letter. (Dkt. No. 89.) After carefully considering the parties' submission, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

I.　**INTERROGATORY RESPONSES**

　**A.**　**No. 4**

In response to Interrogatory No. 5, FTI stated it has not sent any Cal. Bus. & Prof. Code 16000.1(b) notices "to any FTI employees who did not reside in California." (Dkt. No. 89-2 at 9.) Mr. Poer, who was not a California resident at all times relevant to the claims in this lawsuit, has not demonstrated how FTI having sent notices to California residents has any relevance to a claim or defense in this action. So, Mr. Poer's motion to compel a response is DENIED.

　**B.**　**No. 6**

Mr. Poer's motion to compel a response is DENIED. Mr. Poer has not demonstrated the relevance of FTI's non-privileged opinion, if any.

　**C.**　**Nos. 1-3.**

Mr. Poer's request is DENIED as not proportional to the needs of the case. However, FTI cannot offer any unproduced evidence to contradict evidence offered by Mr. Poer.

## II.     REQUESTS FOR ADMISSION

FTI insists the parties know what each RFA means.  (Dkt. No. 89 at 5 ("There is no indication that the parties have a different understanding about the RFAs.").)  Since there is no ambiguity, the Court STRIKES FTI's "to the extent it understands this Request" from each response.

The Court congratulates Mr. Jalian on the birth of his child.

This Order disposes of Docket No. 89.

**IT IS SO ORDERED.**

Dated: March 14, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2